```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

| | |
|---|---|
| Robert E. Zorn, | : |
|     Plaintiff, | : |
| | : |
|     v. | :    File No. 1:06-CV-240 |
| | : |
| Progressive Insurance Co., | : |
| Joanna Green, Amanda | : |
| Etlinge, John Connell, | : |
| U.S. District Judge | : |
| William Sessions III, U.S. | : |
| District Judge J. Garvan | : |
| Murtha, U.S. Magistrate | : |
| Judge Jerome Niedermeier, | : |
| U.S. Circuit Judge Amalya | : |
| Kearse, U.S. Circuit Judge | : |
| Robert D. Sack, U.S. | : |
| International Trade Judge | : |
| Timothy Stanceau, | : |
|     Defendants. | : |

<u>OPINION AND ORDER</u>
(Papers 33, 36, 38, 41, 44, 48, 50, 51, 55 and 61)

Plaintiff Robert Zorn, proceeding *pro se*, initiated this action in state court.  Because Zorn is suing several members of the federal judiciary ("Federal Defendants"), those defendants properly removed the case pursuant to 28 U.S.C. §§ 1441, 1442(a)(3) and 1446.  Matters currently pending before the Court include the Federal Defendants' motion to dismiss on grounds of judicial immunity, and Zorn's motion to disqualify the Court from issuing a ruling.  For the reasons set forth below, the motion to disqualify (Paper 55) is DENIED, and the Federal Defendants' motion to dismiss (Paper 36) is GRANTED.  All remaining motions are DENIED as moot, and the case is REMANDED to state court.

Factual Background

This is not Zorn's first lawsuit against judicial officers. In fact, Zorn has brought previous actions in this Court against both state and federal judges. See Zorn v. Zimmerman, et al., File No. 2:02-CV-193; Zorn v. United States, et al., File No. 1:04-CV-146. Those cases have each been dismissed, and due to Zorn's general "proclivity for filing meritless and resource-consuming claims," he has been barred from filing any further federal actions without prior leave of the Court. See Zorn v. United States, et al., File No. 1:04-CV-146 (Paper 208).

Perhaps due to the Court's conditional bar on further litigation, Zorn brought the current action in state court. The initial allegations in his complaint pertain to a car accident in December, 2004. At the time of the accident, Zorn had litigation pending in this Court. Claiming that his injuries rendered him unable to pursue his litigation, Zorn filed a motion to stay all proceedings. Id. (Paper 111). The Court denied the motion, noting that although he was alleging total disability, Zorn had continued to file new motions since the date of the accident. Id. (Paper 168 at 16 n.3).

Zorn also moved for a stay after allegedly suffering a physical attack by his neighbor, Berger Heffermehl. Id. (Paper 202). As a result of his injuries, Zorn claimed that he would be disabled for one month. When the Court ruled on the motion over 30 days later, it noted that there had been no substantive activity in

2

the case during that 30-day period in question.  Consequently, the Court denied the motion.  Id. (Paper 208).

Zorn now claims that the Court's prior rulings, including the denials of his motions for stay and the ultimate dismissals of his claims, violated federal law.  Specifically, Zorn contends that the Court effectively conspired with the non-judicial defendants to cause him injury, thereby violating racketeering laws and the Constitution of the United States.  In addition to all judges in this Court, Zorn includes as defendants those members of the Second Circuit who affirmed the Court's rulings.[1]

## Discussion

### I.  Motion to Disqualify

The first issue before the Court is whether it may rule in a case when its own judges are defendants.  In most circumstances, 28 U.S.C. § 455(b)(5)(i) requires a federal judge to disqualify himself when he is a party to the proceeding.  However, "under the 'rule of necessity,'  a judge is qualified to decide a case even if he has an interest in it when 'the case cannot be heard otherwise.'"  Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (quoting United States v. Will, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal mandates in 28 U.S.C. § 455)).

Here, Zorn has sued all federal judges in the District of Vermont, as well as judges sitting on the Second Circuit Court of

---

[1] The Honorable Timothy C. Stanceau of the United States Court of International Trade sat by designation.

3

Appeals. Although transfer to a different district would be possible, it is not required where, as here, the plaintiff has indiscriminately named each of the Court's judges. See Tapia-Ortiz, 185 F.3d at 10. Furthermore, while the Court could remand all claims to state court, it is clear that federal jurisdiction is appropriate, and that such a remand would frustrate the protection of "federal supremacy" and federal interests inherent in 28 U.S.C. § 1442. See Willingham v. Morgan, 395 U.S. 402, 405 (1969); Camacho v. Autoridad de Telefonos de Puerto Rico, 868 F.2d 482, 487 (1st Cir. 1989) (section 1442 represents "a legislatively-spawned value judgment that a federal forum should be available when particular litigation implicates a cognizable federal interest"). Therefore, the Court will employ the rule of necessity, and issue a ruling with respect to the Federal Defendants in this case.

II. Motion to Dismiss

The Federal Defendants have moved to dismiss on a host of grounds, the first of which is absolute judicial immunity. Courts have long recognized that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978). Accordingly, judicial immunity has been created "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547 (1967).

Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991); Maestri v. Jutkofsky, 860 F.2d 50, 52-53 (2d Cir. 1988). Absolute immunity exists "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff." Bradley v. Fisher, 80 U.S. 335, 347 (1871). "The cloak of immunity is not pierced by allegations of bad faith or malice." Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir. 1997). Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, i.e., not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of any jurisdiction. Mireles, 502 U.S. at 11-12.

The allegations in this case clearly pertain to actions taken in each Federal Defendant's judicial capacity. With respect to the judges of this Court, Zorn's claims arise out of the Court's denials of his requests for stays. Although Zorn also makes claims of conspiracy, aiding and abetting, and racketeering, each of these claims stems from the fact that the Court declined to stay his litigation.[2] Similarly, Zorn's claims against the appellate court judges is that they affirmed this Court's rulings. Absent any

---

[2] Zorn also appears to claim that the Court improperly awarded a default judgment to Heffermehl. It is not clear to the Court that Heffermehl ever made a claim that would have entitled him to such a judgment. In any event, the granting of a default judgment would be a judicial action that is entitled to immunity.

5

claim that the judges were acting without jurisdiction, and because all of the alleged actions by the Federal Defendants were taken in their respective judicial capacities, judicial immunity applies. The claims against the Federal Defendants are, therefore, DISMISSED.

## Conclusion

For the reasons set forth above, Zorn's motion to disqualify (Paper 55) is DENIED.  The Federal Defendants' motion to dismiss (Paper 36) is GRANTED, and all claims against the Federal Defendants are DISMISSED with prejudice.  All other motions currently pending before the Court (Papers 33, 38, 41, 44, 48, 50, 51 and 61) are DENIED as moot.  Because the Court has no subject matter jurisdiction over Zorn's remaining claims, this case is REMANDED to Chittenden County Superior Court for further proceedings.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of February, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge