```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT


Robert E. Zorn,                    :
        Plaintiff,                 :
                                   :
        v.                         :     File No. 1:06-CV-240
                                   :
Progressive Insurance Co.,         :
Joanna Green, Amanda               :
Etlinge, John Connell,             :
U.S. District Judge                :
William Sessions III, U.S.         :
District Judge J. Garvan           :
Murtha, U.S. Magistrate            :
Judge Jerome Niedermeier,          :
U.S. Circuit Judge Amalya          :
Kearse, U.S. Circuit Judge         :
Robert D. Sack, U.S.               :
International Trade Judge          :
Timothy Stanceau,                  :
        Defendants.                :
```

OPINION AND ORDER
(Papers 72 and 77)

Plaintiff Robert Zorn, proceeding *pro se*, has moved for "a more definite statement" and for reconsideration of the Court's order dated February 8, 2007. Zorn commenced this case in state court. Because he sued several members of the federal judiciary ("Federal Defendants"), those defendants removed the case pursuant to 28 U.S.C. §§ 1441, 1442(a)(3) and 1446, and filed a motion to dismiss. The Court granted the motion on the basis of judicial immunity, and remanded the remainder of the case to state court. Zorn now claims that the Court erred in dismissing his claims against the Federal Defendants, and has moved the Court to more definitely state and/or reconsider its decision. The Court construes both of

Zorn's motions as motions for reconsideration filed pursuant to Fed. R. Civ. P. 59(e).

On a motion for reconsideration, the movant must show that "there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Bell v. Stephens, 2007 WL 1098713, at *1 (S.D.N.Y. Apr. 11, 2007). A motion for reconsideration is not an opportunity to relitigate matters already decided. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Motions for reconsideration are entrusted to the sound discretion of the district court. See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

Zorn's motions fail to cite to any changes in controlling law or new evidence.[1] Therefore, in order to carry his burden, he must show manifest injustice. The bulk of Zorn's

---

[1] Zorn's citations to Northern Ins. Co. of New York v. Chatham County, Georgia, 547 U.S. 189 (2006), which pre-dated this Court's decision, are inapposite. Unlike Zorn's action against members of the federal judiciary, Northern Ins. Co. dealt with the issue of whether a county is entitled to sovereign immunity.

arguments have already been reviewed, and rejected, by the Court.  These arguments include conclusory allegations of conspiracy, corruption, and unconstitutional conduct.  Zorn also reiterates his claim that he is entitled to a default judgment.  While the Court previously dismissed the motion for default as moot, it notes for the purposes of reconsideration that under Fed. R. Civ. P. 12(a)(3),[2] the Federal Defendants' motion to dismiss was timely filed.  Given that the Court dismissed the claims against them, no answer was required and an order or default is not warranted.

Zorn further claims that by implementing the remand one day after issuing its judgment, the Court denied him his right to appeal.  Notwithstanding Zorn's argument, his notice of appeal has been docketed, the Second Circuit has been notified of the appeal, and the timing of the remand to state court has no impact on his right to appellate review.  Cf. In re Cathedral of Incarnation in Diocese of Long Island, 90 F.3d 28, 33 (2d Cir. 1996) (a state court receiving remand that remains subject to appellate review may delay proceedings while awaiting result, although in most cases this would result in "needless standstill").  This argument, therefore, does not merit a reversal of the Court's prior Order.

---

[2]  Rules 12(a)(3)(A) and (B) allow officers or agents of the United States 60 days to file their answers.

Finally, Zorn's claims of constitutional harm are without merit.  Zorn argues, *inter alia*, that the Court's Order violates his right to free speech and his right to a jury trial.  As the Court ruled previously, Zorn's claims against several members of the federal judiciary are barred by judicial immunity.  Because his claims lack legal merit, he is not entitled to a trial by jury.  His remaining claims may proceed in state court.  To the extent that Zorn's access to this Court has been restricted, such a restriction is lawful and does not violate his right of free speech.  <u>See</u>, <u>e.g.</u>, <u>Safir v. United States Lines, Inc.</u>, 792 19, 24 (2d Cir. 1986).

For these reasons, Zorn has not shown that the Court's order will result in manifest injustice.  Although some of his arguments, such as the claim related to his appeal, are new, his contentions do not support either reversal or alteration of the Court's prior judgment.  Accordingly, Zorn's motions for a more definite statement (Paper 72) and for reconsideration (Paper 77) are GRANTED, and upon reconsideration, the Court's prior Order is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of May, 2007.

<u>/s/ J. Garvan Murtha          </u>
J. Garvan Murtha
United States District Judge